UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RANIER MARSH, | ) | Case No. 1:20-cv-157 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Carmen E. Henderson |
| ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (ECF No. 14) in this appeal from the administrative action of the Social Security Administration, which denied Ranier Marsh's application for disability insurance benefits and supplemental security income. The Magistrate Judge recommends that the Court affirm the Commissioner's decision.

The R&R advised both parties that a failure to object within 14 days may result in waiver of rights on appeal, which includes the right to review before the Court. (*See* ECF No. 14, PageID #769.) Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within

its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

Recently, the Sixth Circuit clarified this rule: failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different than forfeiture." *United States v. Olando*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference matters because forfeited issues may, in certain circumstances, nevertheless be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the R&R has passed. Marsh neither objected, nor provided some legitimate reason why he failed to do so. Further, there does not appear to be clear error in the Magistrate Judge's R&R. Therefore, the Court **ADOPTS** the Report and Recommendation (ECF No. 14) and **AFFIRMS** the Commissioner's final decision. The Court further **DIRECTS** the Clerk to enter judgment accordingly.

**SO ORDERED**.

Dated: January 29, 2021

                                          J. Philip Calabrese
                                          United States District Judge
                                          Northern District of Ohio